1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| LARRY WAYNE SWADENER,<br><br>                          Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA; CITY OF ESCONDIDO; et al.,<br><br>                          Defendants. | Case No.:  24-cv-00283-DMS-MSB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

18

      Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint

19
pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Defendants' Motion ("Defs.'

20
Mot."), ECF No. 20).  Plaintiff has not filed an Opposition.[1]  For the following reasons,

21
Defendants' Motion to Dismiss is **GRANTED**.

22

### I.      BACKGROUND

23

      Plaintiff sues for alleged constitutional violations by the State of California, the City

24
25
26
27
28

---

[1] Civil Local Rule 7.1(f)(3)(c) states that if an opposing party fails to file a response in opposition to a motion, that failure may constitute consent to the granting of a motion.  While a district court may grant an unopposed motion pursuant to a local rule which permits as much, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), the Court **DECLINES** to grant Defendants' Motion to Dismiss on procedural grounds and addresses the Motion on the merits under Federal Rule of Civil Procedure 12(b)(6).

of Escondido, and others for the impoundment of his vehicle when a police officer found him driving with a suspended license on December 23, 2021.[2]  (Plaintiff's Complaint ("Compl."), ECF No. 1).  Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis ("IFP").  (ECF No. 2).  The Court addressed this Motion on September 13, 2024.  (IFP Order, ECF No. 6).  After granting Plaintiff's Motion to Proceed IFP, the Court conducted a mandatory sua sponte review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).  (*Id.* at 2).  This review led the Court to dismiss all claims against the State of California on sovereign immunity grounds and Plaintiff's Fifth and Eighth Amendment claims against the remaining Defendants.  (*Id.* at 3–4).  At issue now are Plaintiff's claims premised on the Fourth and Fourteenth Amendments against Defendants City of Escondido, Michael McGuinness, Ed Varso, Police Officer Aronson, Joseph Mata, and A to Z Enterprises, Inc., which the Court, on a liberal reading of only Plaintiff's Complaint, found sufficient to survive § 1915(e)(2).  (*Id.* at 4–5).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted".  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[2] While Plaintiff does not mention 42 U.S.C. § 1983 as the cause of action for the alleged constitutional violations, the Court will construe his Complaint as doing so.  *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("We have noted frequently that the 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.  Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'") (internal citation omitted).

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the Complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.    DISCUSSION

Defendants contend Plaintiff's claims are time-barred and thus subject to dismissal. (Defs.' Mot. 5–7). The Court mostly agrees.

The running of a statute of limitations may be raised as an affirmative defense at the Rule 12(b)(6) stage. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.1 (9th Cir. 1995) ("Because the question whether Supermail's claim is barred by the statute of limitations is *not* a jurisdictional question, it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. We therefore treat the dismissal as one under Rule 12(b)(6).") (emphasis in original); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss."). However, a motion to dismiss "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* If the "statute of limitations question

turns on factual issues that may be disputed," it should be addressed at a later stage. *Vashisht-Rota v. Harrisburg Univ.*, 2023 WL 35216, at *5 (S.D. Cal. Jan. 4, 2023) (internal quotation marks and citation omitted).

In § 1983 cases, courts apply state-law statute of limitations for personal injury actions. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113 (2005); *see also Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) ("When, as here, a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts[.]").   The applicable state law is the law of the "jurisdiction in which the claim arose."  *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981).  "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000)).  "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)) (alteration in original).  For a § 1983 claim based on an unlawful search and seizure, "the accrual date is the date that the wrongful act occurred." *Spitzer v. Aljoe*, 2015 WL 1843787, at *6 (N.D. Cal. Apr. 6, 2015) (internal quotation marks and citations omitted).  When there is a seizure of property, the wrongful act is "some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

Because all relevant conduct occurred in Escondido, California's statute of limitations applies.  (Compl. 5–6.)  "California's statute of limitations for personal injury actions is two years." *Spitzer*, 2015 WL 1843787, at *6 (citing Cal. Civ. Proc. Code § 335.1).

Plaintiff's claims against Defendants City of Escondido, Police Officer Aronson, and Police Chief Ed Varso arise from the impoundment of his vehicle on December 23, 2021.  (Compl. 5.)  "The Court finds that Plaintiff was aware or should have been aware of the existence and source of his injury at the time . . . his car was towed and impounded."

*Wagner v. Peppler*, 2009 WL 292199, at *3 (C.D. Cal. Jan. 16, 2009), *report and recommendation adopted*, 2009 WL 311857 (C.D. Cal. Feb. 4, 2009).  Plaintiff's claim thus accrued—and the statute of limitations began to run—on December 23, 2021.  *See Spitzer*, 2015 WL 1843787, at *7.  Because Plaintiff filed his Complaint on February 7, 2024, more than two years later, "his claim[s] [are] barred by the applicable two-year statute of limitations" under Cal. Civ. Proc. Code § 335.1.  *Wagner*, 2009 WL 292199, at *3.

As for Defendant Michael McGuinness, the City Attorney for Escondido, Plaintiff alleges he spoke on the phone with Defendant McGuinness about the City's administrative complaint process on December 27, 2021.  (Compl. 7).  After the submission of several complaints, Plaintiff alleges he never received a response.  (*Id.*).  He also attributes blame to Defendant McGuinness for the use and enforcement of Cal. Veh. Code § 14602.6(a)(1), which authorized the impoundment of his vehicle on December 23, 2021.  (*Id.*).  Plaintiff filed his Complaint more than two years after both relevant dates.  (*Id.* at 1).  Even giving Plaintiff the benefit of the doubt—that he did not immediately know of Defendant McGuinness' lack of response—he surely had notice by January 23, 2022, the end of his vehicle's thirty-day impoundment.  Cal. Veh. Code § 14602.6(a)(1) (stating that length of impoundment shall be thirty days); (Compl. 5) (noting that Cal. Veh. Code § 14602.6(a)(1) was authority for impoundment).  Plaintiff's filing of his Complaint on February 7, 2024 occurred outside of the two-year window.  It is thus subject to dismissal on statute of limitations grounds.

Plaintiff's claims against Defendant Joseph Mata result from his role as Post-Tow Coordinator.  (*Id.* at 6).  Particularly, Plaintiff alleges Defendant Mata left him a voicemail "sometime after" January 13, 2022 in which he told Plaintiff that his vehicle would remain in impound until the end of the thirty-day period.  (*Id.*).  While Plaintiff did not provide an exact date, this voicemail must have occurred before January 23, 2022, when the impoundment ended.  Accordingly, for the reasons above, Plaintiff's claims against Defendant Mata are time-barred.

Finally, Plaintiff sues Defendant A to Z Enterprises, Inc. because, on a notice of lien sale, it "change[d] the listing of the legal owner's name to someone other than this Plaintiff". (*Id.* at 9). Plaintiff does not provide a date for when this occurred. (*See generally id.*). "From the pleadings and motions filed in this case, the Court is unable to determine if and when Plaintiff received notice of the lien sale of his car in order to decide whether these claims are timely." *Wagner*, 2009 WL 292199, at *3. "Because of this factual dispute, which cannot be resolved on the record currently before the Court," Defendant A to Z is not entitled to dismissal "on the basis that [Plaintiff's] claim[s] [were] untimely filed." *Id.*; *see also Vashisht-Rota*, 2023 WL 35216, at *5. Plaintiff has not, however, stated a claim upon which relief can be granted. He fails to allege sufficient factual content to allow this Court to draw the inference that Defendant A to Z's changing of the name on his vehicle amounts to violations of the Fourth and Fourteenth Amendments. *Iqbal*, 556 U.S. at 678. Indeed, he does not explain how this action relates to the protections of the Fourth or Fourteenth Amendments at all. Therefore, the Court similarly dismisses these claims.

In sum, the Court **DISMISSES** Plaintiff's claims against all Defendants bringing this Motion to Dismiss.

## IV.    LEAVE TO AMEND

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires". Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). A court should grant leave to amend where there is no (1) "undue delay", (2) "bad faith or dilatory motive", (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007). However, "[a] district court's discretion to deny leave to amend is particularly broad where

the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks and citation omitted).

Here, the Court **GRANTS** Plaintiff leave to amend all his claims. His time-barred claims are subject to leave to amend so Plaintiff has an opportunity to allege whether an exception to the statute of limitations—such as statutory tolling, equitable tolling, waiver, or estoppel—applies. *Spitzer*, 2015 WL 1843787, at *7 ("In caution, the Court permitted Plaintiffs an opportunity for supplemental briefing to explain why their seizure claim against Officer Martinez is timely, or otherwise excepted, such as through statutory tolling, equitable tolling, waiver, or estoppel."). He may also amend his claims against Defendant A to Z because the deficiencies in his Complaint may be curable. *Lopez*, 203 F.3d at 1135 ("As the majority points out, our decisions for years have held that in this setting the pro se litigant must be given notice of the deficiencies in his complaint and an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment.") (Rymer, J. concurring) (internal quotation marks and citation omitted).

## V.    CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint with leave to amend. Within forty-five (45) days of the date of this Order, Plaintiff may file a First Amended Complaint.

**IT IS SO ORDERED.**


Dated:  December 3, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

24-cv-00283-DMS-MSB